UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Blimie Friedman,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br>-v.-<br>Credit Collection Services,<br>Defendant(s). | Case No: 3:22-cv-6735<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Blimie Friedman ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against the Defendant Credit Collection Services ("CC" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant CC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, regularly conducting business in the State of New Jersey, with a legal residence and principal place of business located at Two Wells Avenue, Newton, Massachusetts 02459.

9. Upon information and belief, Defendant CC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

    a. with addresses in the State of New Jersey;

    b. to whom the Defendant CC sent an initial collection letter(s);

    c. attempting to collect a consumer medical debt that the individual(s) did not owe because of Medicaid coverage;

    d. which letter(s) was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibits A, violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class

defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form **attached as Exhibit A**, violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to May 12, 2022, Plaintiff allegedly incurred an obligation to non-party Labcorp.

21. This alleged debt was incurred as a financial obligation that was primarily for personal, family, or household purposes, specifically medical services, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

22. Labcorp is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

23. According to the letter received by the Plaintiff, Labcorp was represented by CC to collect the alleged debt.

24. Defendant CC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – May 12, 2022 Collection Letter*

25. On or about May 12, 2022, Defendant CC sent the Plaintiff an initial collection letter. A true and accurate copy of this "Letter" is **attached as Exhibit A**.

26. Plaintiff disputes the amount alleged as owed in the Letter.

27. Specifically, Plaintiff disputes the "Total amount of the debt now: $78.00" as set forth in the Letter because the Plaintiff provided proof of Medicaid insurance at all relevant times from when the debt was incurred to the present.

28. Upon information and belief, the Medicaid insurance coverage precludes CC's collection.

29. Alternatively, even if not absolutely precluded, Defendant is seeking to collect a medical debt not owed without taking into account medical insurance.

30. Stating, or implying, the "Total amount of the debt now: $78.00" is false and/or deceptive.

31. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

32. Defendant's actions caused the Plaintiff to suspect there was fraud involved with this collection.

33. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

34. Plaintiff was therefore unable to make a payment on the debt.

35. Plaintiff was unable to pay because she does not know what comprises the actual balance.

36. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the amounts stated in the Defendant's Letter is incorrect.

37. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

38. Because of this, Plaintiff expended time and money in determining the proper course of action.

39. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

40. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the current nuisance, harassment and invasion of privacy caused by the Defendant's issuance of the Letter.

41. Plaintiff's failure to pay the debt arose from the Letter, alone, because the Plaintiff believes it was an attempt to collect monies not owed.

42. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to third parties to the Plaintiff's financial and reputational detriment.

43. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate and restlessness.

44. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

45. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, harassment, invasion of privacy, nuisance, defamation and conversion.

47. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

48. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

49. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

50. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

52. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

53. Plaintiff was misled to her detriment by the statements in the Letter, and relied on the content of the Letter to her detriment.

54. As a result of the Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats the above allegations as if set forth here.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section by:

   a. threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of § 1692e (5);

   b. falsely representing the character, amount or legal status of the debt in violation of §1692e (2);

   c. communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of §§ 1692e (8); and

   d. using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10).

59. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

60. Plaintiff repeats the above allegations as if set forth here.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

62. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

63. Defendant violated this section by unfairly representing the character of the debt without regard to duly provided proof of Medicaid insurance.

64. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt…

68. Defendant violated said section by:

   a. failing to accurately provide the amount of the debt in the Letter;

    b. failing to accurately provide the amount of the debt in the Letter, and as a result, overshadowing the Plaintiff's rights to dispute the debt; and

    c. continuing its debt collection before providing the Plaintiff with an accurate G-Notice.

69. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Blimie Friedman, individually and on behalf of all others similarly situated, demands judgment from the Defendant CC as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 22, 2022                    Respectfully submitted,

Stein Saks, PLLC

By:/s/ Robert T. Yusko
Robert T. Yusko, Esq.
ryusko@stiensakslegal.com
One University Plaza, Ste 620
Hackensack, NJ, 07601
P. (201) 282-6500
F. (201) 282-6501

*Attorneys for the Plaintiff*